ÆTNA INSURANCE COMPANY

*v.*

EDWARD STEVENS.

</div>

<div align="right">

| 48 | 31 |
|----|----|
| e206 | 4128 |

</div>

1. ARBITRATION AND AWARD—*what not considered as an award.* A policy of insurance provided that, " if a difference of opinion should arise between the parties hereto, as to the amount of loss or damage, the subject shall be referred to two disinterested and competent men, each party to select one, (and in case of disagreement they to select a third,) who shall ascertain, estimate and appraise, the loss or damage, and their award in writing shall be binding on the parties." A loss having occurred, H, an agent of the company, requested one F to select some one to make the appraisal for each party, whereupon R and P were selected, and thereupon H, R and P made an estimate in writing of such loss, which was signed by H and R only. These proceedings were without the sanction of S, the insured. *Held :* in action by him to recover the loss, against the company, that this was not an award under the policy,—the proof showing that such arbitrators were not selected by the parties; that they were not "disinterested," as H, one of them, was the agent of the company, and that P, another, was not " competent," he being a drinking fellow " of no account." That the pretended

award was signed only by H and P, and that being signed by H, an interested party, robbed it of all validity.

2. ACCORD AND SATISFACTION—*what is not.* Nor in such case would a tender afterwards of the amount estimated to be due to S, the insured, amount to an accord and satisfaction, there being no proof that S agreed to such proceedings.

3. SAME—*definition of.* Accord is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account.

4. INSURANCE—*in preliminary proofs—articles destroyed omitted from—may be recovered for in suit upon the policy—when such omission was inadvertent.* When a party in making his preliminary proofs of loss, inadvertently omitted mention of certain articles which were destroyed, he may, if the claim is not paid, and suit is brought, recover in such action for the articles destroyed, but omitted in such proofs.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion states the case.

Messrs. SLEEPER & WHITON, for the appellants.

Messrs. TYLER & HIBBARD, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Superior Court of Chicago, to recover for a total loss on a fire insurance policy, brought by Edward Stevens against the Ætna Insurance Company, resulting in a verdict and judgment for the plaintiff. .

It was attempted, on the trial, to induce the belief on the part of the jury, that the burning was the deliberate act of the plaintiff himself. This they failed to find. It was a question peculiarly within their province, and they have given no credit to the charge. We cannot say, in this they erred.

The policy provided, " if a difference of opinion should arise between the parties hereto, as to the amount of loss or damage, the subject shall be referred to two disinterested and competent

men, each party to select one, (and in case of disagreement they to select a third,) who shall ascertain, estimate and appraise the loss or damage, and their award in writing shall be binding on the parties."

It seems, soon after the fire, when just extinguished, Hovey, the agent of the company, was on the premises with others, and asked one Foltz, a witness for the plaintiff, if he could not get some men to make some appraisals, one for each party. He saw Capt. Rounds and called him in, and an ex-policeman named Powers, a drinking man, "and of no account," had been arrested for vagrancy and had been punished for disorderly conduct. These men, Rounds and Powers, went to work to look the things over, and Hovey put down the amounts on paper. Stevens told Rounds, if he had known what they were doing, he would have got a man who understood the business, and objected to his going on. Rounds replied, he did not want to do anything further, but Hovey, the agent, told him to go on, and he went to work again.

The result thus arrived at, is claimed by appellants as an award within the clause of the policy above quoted.

We do not think so. There was no selection of arbitrators by the parties, nor were they all " disinterested," Hovey being the acting agent of the company, and Powers can hardly be said to be " competent," in the meaning of that term.

Nor was the award signed by the men who thus acted. Powers did not sign it, and Hovey's signature, being an interested party, robbed it of all validity.

Appellants insist, if there was not a technical award, there was an accord, and the tender of the amount afterwards, was satisfaction.

There is no proof that Stevens agreed to these proceedings. Accord is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account. 3 Bl. Com. 15; 1 Bac. abr. title " Accord; " 2 Greenleaf's Ev. 28.

5—48TH ILL.

The proof of the value of the goods destroyed, and of the value of the stock on hand, at the time of the fire, was made by several witnesses, including the testimony of the plaintiff himself, from which the jury were justified in finding the verdict they did find.

Objections were made by the appellants to some questions put to some of the witnesses by appellee. They were, perhaps, not strictly admissible, because immaterial, and they could not have prejudiced the defendant. Such are the questions put to Gaines, Winne, and Stevens himself, to which objection was made, as to the worth of the stock, and what value in groceries the store would contain.

It appears, some articles claimed to have been lost, were omitted in the preliminary proofs and notice of the loss, which the court allowed the plaintiff to supply, against the objection of the defendants.

If the omission from the preliminary proofs of the articles destroyed was inadvertent, we think, if the claim is not paid, and the assured is obliged to sue, he is not prevented from claiming in his action for additional articles he can prove were destroyed by the fire.

If he can satisfy a jury the omission was from no design or bad purpose, and was an inadvertence, justice demands, if his claim as first presented is not promptly paid, he should be allowed to recover for all he can prove he has lost.

Appellants complain that some of their instructions were refused—the first, second, eighth, ninth, tenth, eleventh, thirteenth and fourteenth. We are of opinion the court properly disposed of these instructions.

As to the first instruction, there was no evidence on which to base it. The second was supplied by an instruction from the court, which was all the defendants could ask. The court told the jury the company were not liable, under the terms of the policy, to pay the loss until the end of sixty days from the

time due proof was made of the amount of the loss, and if no such proofs were furnished, then the plaintiff could not recover.

The eighth instruction, is an attempt to get the court to pass upon the weight of the testimony, and should not have been given, and the same may be alleged of the ninth.

It was not a question before the jury as to the capacity in which Ewing and Muller acted. They did not claim to be appraisers under the policy, nor was their evidence offered as the evidence of such persons. The tenth instruction was therefore properly refused.

The eleventh is in opposition to what we have herein said, that a party, before payment on the preliminary proofs, could recover for articles destroyed, which he had inadvertently omitted from such proofs, and consequently, was properly refused.

The thirteenth instruction, in the terms in which it appears, was calculated to mislead the jury, and was indefinite, and uncertain, and not law. It tells the jury, they are not at liberty to guess at any losses, and in estimating the loss in either class, if there is a want of proof of the loss claimed on any article, they were at liberty to reject the claim altogether.— Now, whether this means the whole claim, or a particular claim, is uncertain. It should have been precise, and to the effect that they could reject the particular claim. If given as asked, and the plaintiff had proved all the claims except one, the jury would have had a right to reject the whole claim. This is not the law.

The fourteenth instruction is upon the finding of Rounds and Hovey, and which, as we have said there was no award under the policy, was not for the consideration of the jury; and besides, it was not the province of the jury to say what was an adjustment under the policy.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*