[Western Assurance Co. v. Hall & Bro.]

# Western Assurance Co. *v.* Hall & Brother.

### *Action on a Fire Insurance Policy.*

1. *Insurance; provision for arbitration binding.*—While the provision in a fire insurance policy that in the event of a disagreement between the insured and the insurer as to the amount of loss, the amount shall be settled by arbitration, which is made a condition to· the maintenance of a suit on said policy, is valid and binding, such provision is collateral to the contract for insurance ; and if it fails of accomplishment without fault on the part of either· of the parties to the contract, they are relegated to their legal rights independent of such provision.

2. *Same ; same; result of refusal to comply with provision by one of the parties.*—Where a policy of fire insurance which contains a provision for arbitration of the amount of the loss in the event of a disagreement as to such amount, if either party, after a disagreement as to the amount of the loss and a request by the other party for arbitration, in bad faith prevent such ascertainment by arbitration by refusing to proceed therewith, or by insisting upon the selection of improper arbitrators, or by undue interference with them after their selection, the other party is thereby absolved from further obligation to arbitrate ; and if such fault be attributable to the insured it is a defense to the action on the policy, but if to the insurer, the lack of an award is not available to defeat a recovery on such policy.

3. *Same; same ; sufficiency of replication.*—In an action upon a fire insurance policy which contains a provision requiring an arbitration in the event of a disagreement as to the amount of loss, where the defendant sets up by plea that it requested an ascertainment of the loss by arbitration, as provided by the policy, which the plaintiff refused, a replication to such plea which avers that the "said defendant wholly failed and refused to comply with its obligation contained in said stipulation in said policy," providing for arbitration, is not subject to demurrer on the ground that it was too general in its averments ; the question of wholly refusing to comply with such provision of the policy being an issuable fact:

4. *Same; same; parties not required to submit to appraisement by interested or incompetent persons* —Where a policy of insurance contains a clause providing for arbitration for ascertaining the

[Western Assurance Co. v. Hall & Bro.]

amount of loss in the event of a disagreement between the insurer and the insured as to such amount, upon a loss occurring, neither of the parties are bound to submit to an appraisement by interested or otherwise incompetent persons, and the selection of such person by either of the parties absolves the other from further obligation to arbitrate.

5. *Same; same; admissibility of evidence as to amount of loss.*—In an action on a fire insurance policy which contained an arbitration clause, where there was no award by arbitrators ascertaining the amount of loss, evidence as to the amount of loss is admissible.

6. *Same; same; when no excuse shown for failure to arbitrate.*—Where in an action on a fire insurance policy which contained a provision for arbitration in the event of a disagreement as to the amount of loss, it is shown that the party selected appraisers, who selected an umpire as provided for, but that pending the proceeding to estimate the amount of loss, a disagreement arose and the appraiser selected by the insurer refused to act further, and the insured refused to permit the appraiser selected by the insurer and umpire to complete the appraisement, alleging that they were each interested in the matter and in the employ of the insurer, but there was no proof of their partiality, interest or other incompetency, there is shown no excuse for failure to arbitrate as required by the policy; and upon an issue as to whether or not there was a breach of the arbitration clause on the part of the plaintiff, the defendant is, upon such evidence, entitled to the general affirmative charge.

7. *Same; same; admission of liability on the part of defendant; not necessary to authorize insistence upon arbitration clause.*—Where a policy of fire insurance contains a provision requiring arbitration in the event there is a disagreement between the insured and the insurer as to the amount of the loss, in order for the insurer to demand a compliance with the arbitration clause, it is not necessary for it to admit its liability on the policy; since neither a failure to admit liability nor a demand for arbitration is a denial of the insurer's liability on the policy, which amounts to a waiver of arbitration.

8. *Pleading and practice; when sur-rejoinder properly stricken.*—A sur-rejoinder which is but a repetition of what had been averred in a replication previously filed, should be stricken on motion properly made.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellees, Hall & Brother, against the appellant, the Western Assurance

Company of Toronto ; and counted in the statutory form upon a fire insurance policy, seeking to recover the loss sustained by fire, of certain articles included in the policy.

The defendant filed several pleas, the substance of which is stated in the opinion. The clause in the fire insurance policy providing for arbitration in the event of a disagreement between the insured and insurer as to the value of the property destroyed, and which clause is copied in the pleas and was introduced in evidence, was as follows : ''In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire, the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss ; the parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire.''

To the second plea the plaintiffs filed several replications. To some of these replications, the defendant's demurrers were sustained. The replications to which the demurrers were overruled are substantially stated in the opinion.

The plaintiffs' replications to each of the 3d, 4th and 5th pleas separately, were in the following language : ''(a.) They wholly deny the allegations of the said third plea. (b.) They plead in short by consent each of the several matters and things set forth in the replication to plea numbered two, pleaded by said defendant, as if the said several matters and things were herein set forth specifically.''

To replications (e.) and (g.) the defendant demurred upon the following grounds : (1.) Said replications contain no issue of fact upon the plea replied to. (2.) The averments of said replications do not constitute a proper matter of replication, in that they do not traverse the allegations of facts contained in said plea, nor confess and avoid the same. (3) Said replications state merely the

conclusion of the pleader, and do not aver facts. (4) Said replications do not allege or set forth any matter or matters of fact not already alleged in the previous pleadings in the case. (5) The averments thereof are not proper matter of special replication. (6) Said replications do not traverse the allegation of the plea replied to, or confess and avoid the same. (7) The matter of said replications is covered by the joinder of issue on said plea. (8) Said replications do not specify in what respect or particular defendant failed or refused to comply with its obligation contained in said stipulation in said policy.

To replications (h.), (i.) and (j.) the defendant assigned separately and severally the same grounds that were assigned to replications (e.) and (g.), and also the following additional grounds : (1) Said replications do not state facts showing that said La Coste was not competent or was not disinterested, but states only the conclusion of the pleader in that regard. (2) The averments of fact contained in said replications do not show that the action of the defendant in the matter referred to in said replications was fraudulent. (3) The averments of fact contained in said replications do not show any material irregularity or impropriety in the selection of the umpire agreed upon by said appraisers. (4) The facts stated in said replications did not absolve the plaintiffs from the performance of the arbitration stipulation in the said policy contained. (5) Said replications do not show that the facts therein alleged were not fully known to the plaintiff at the time the appraisers were selected. (6) The said replications do not show that the plaintiffs objected to the selection of the said La Coste as such appraiser. (7) The said replications do not sufficiently specify the facts upon which the conclusion of fraud therein stated is based. Each of these demurrers to each of the replications was overruled. Thereupon the defendant, after joining issue separately and severally to each of the replications, filed the following special rejoinders to each of the several replications as filed to each of the pleas, separately and severally : 1. "Defendant says that no award having been made by the appraisers selected by the plaintiffs and defendant, under said stipulation in

said policy, and the umpire selected by said appraisers, the plaintiffs did not demand the selection of other competent and disinterested appraisers, as provided for by said stipulation, but proposed to the defendant to submit the matter to be adjusted to any two gentlemen of the country, who have no interest in the case."

2. "Defendant says that no award having been made by the appraisers originally selected by the plaintiffs and the defendant under said stipulation in said policy, and the umpire selected by them, the plaintiffs did not demand or consent to the selection of competent and disinterested appraisers as provided for by said stipulation, but proposed to the defendant to submit the difference between the plaintiffs and the defendant to any two reputable citizens of Huntsville or Madison county." To each of these rejoinders, as filed in answer to the separate and several replications to the defendant's separate and several pleas, the plaintiffs filed the following surrejoinders: "a. Plaintiffs wholly deny the averments of said first rejoinder. b. No award having been made by the appraisers selected by the plaintiffs and defendant, the plaintiffs demanded of the defendant that competent and disinterested appraisers be appointed, according to the terms of said policy of insurance."

The defendant moved to strike from the file the plaintiffs' sur-rejoinder b. to each of the rejoinders, upon the ground, that no issue was presented by said sur-rejoinder which was not raised by the previous pleadings. This motion was overruled, and the defendant duly excepted.

It was shown on the trial of the case that the policy of fire insurance had been issued by the defendant to the plaintiffs covering certain articles of merchandise, and that a part of the articles thus included in said policy was destroyed by fire, while said policy was in force. The provisions of the policy, applicable to the contention of the parties in the present suit, were introduced in evidence. The other material facts of the case are sufficiently stated in the opinion.

Upon examination of one of the plaintiffs as a witness, and after testifying as to the articles of property which were destroyed by fire, he was then asked to state the value of the several articles so named by him. To this question the defendant objected upon the ground that it

.called for evidence which was irrelevant and inadmissible; and because the award of the arbitrators was the best evidence. The court overruled this objection, and the defendant duly excepted. The defendant announced the same objections to each of the questions asked said witness as to the value of each article so destroyed. Each of these objections were overruled, and the defendant separately excepted to each of said rulings.

Upon the introduction of all the evidence, the court at the request of the plaintiffs, gave to the jury the following written charges: (1.) "If the jury believe the evidence in this case, they will find a verdict for the plaintiffs assessing their damages at the amount of loss shown to have been incurred by the fire, with interest thereon, computing the same sixty days after the date of the fire." (2.) "The defendant can not insist upon the condition in the policy, known as the arbitration clause, to defeat plaintiff's right of recovery in a suit on said policy, unless they show that they admitted the validity of the policy and their liability under it, and that the only question open between the plaintiffs and the defendant was the question of damages." (3.) "The defendant cannot demand an appraisal and arbitration of the amount of loss under the policy of insurance, if, at the same time, he denies all liability under its policy, and the demand for appraisal by the defendant is a waiver of other defenses going to the question of liability." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give, among other charges requested by it, the following: (1.) "If the jury believe the evidence, they will find a verdict for the defendant."

There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX. T. LONDON, JOHN LONDON and R. W. WALKER, for appellant.—The pleadings and evidence disclose without conflict, that there was a breach by the plaintiffs of the covenant and condition in reference to appraisement, which would defeat their right of recovery.

Assuming the right of the plaintiffs to demand the appointment of other arbitrators, they clearly had no right to limit the selection as they undertook to do. It has been held that the fact that the arbitrator selected by the insurance company resided in a distant city, and was an expert, and had many times acted as arbitrator, did not disqualify him, as being not "disinterested."— Ostrander on Fire Insurance, pp. 589, 611; *Chandos v. Ins. Co.*, 84 Wis. 184, 54 N. W. Rep. 390; *Bradshaw v. Ins. Co.*, 137 N. Y. 137, 32 N. E. Rep. 1055.

In this State, it has been decided that relationship to a party does not disqualify an arbitrator.—*Heydenfeldt v. Towns*, 27 Ala. 423; *Davis v. Forshee*, 34 Ala. 107. Nor is partisanship in an arbitrator a disqualification, if both parties select partisans.—Morse on A. & A. 102; *Wheeling Gas Co. v. Wheeling*, 5 W. Va. 448.

The 2d and 3d charges given at the request of the plaintiffs were erroneous. The defendant was not required to admit liability or waive other defenses before demanding arbitration.—*Johnson v. Ins. Co.*, 43 N. W. Rep. 59, 41 Minn. 396; *Queen Ins. Co. v. Youny*, 86 Ala. 424; *Briggs v. Ins. Co.*, 65 Mich. 52.

LAWRENCE COOPER, *contra.*—An agreement to arbitrate is a waiver of proof of loss and the admission of liability.—2 Beach on Insurance, § 244; 2 Amer. & Eng. Encyc. of Law, (2d ed.) 578; *Ins. Co. v. Hamilton*, 59 Fed. Rep. 258; *Bishop's Case*, 29 N. E. Rep. 844; 9 R. R. & Corp. Cases 372.

The arbitration clause in the policy of insurance ceases to be binding upon the insured if the insurer selects an interested appraiser to arbitrate the amount of loss.— 2 Beach on Insurance, 1256; *Bradshaw v. Ins. Co.*, 137 N. Y. 137; *McCulloch v. Phoenix Ins. Co.*, 21 S. W. Rep. 207; *Brock v. Ins. Co.*, 26 L. R. A. 623.

SHARPE, J.—This is an action upon a fire insurance policy issued by appellant to the appellee, and is in this court upon a second appeal. The main controversy arises out of the clause therein providing for arbitration of differences as to loss. After remandment of the cause, there remained in the record besides the general issue

which is numbered 1, the special pleas numbered respectively 2, 3, 4 and 5; the sixth having been withdrawn.

Plea number 2 sets out the clause in question, and avers in substance that differences arose as to the loss; that defendant requested that an appraisement be had as provided by the policy and that plaintiffs refused to have the loss so ascertained, wherefore the action was not maintainable.

Plea number 3 avers a further stipulation in the policy to the effect that the loss should not be payable until sixty days after its ascertainment by such appraisement, and that though the appraisement was required by defendant no award as to the loss had been made or furnished to defendant.

Plea No. 4 avers a further provision of the policy to effect, that no suit thereon should be maintainable until after compliance with such provision for appraisement, and that plaintiffs refused, after demand, to have the loss so ascertained.

Plea No. 5 sets up substantially that after appraisers had been selected and had begun to act, plaintiffs induced the one selected by them to refuse to act, and refused inspection of the damaged property to the other appraiser and the umpire; so disabling them to appraise the loss.

The demurrers were again interposed to these pleas and overruled. Plaintiffs replied generally and filed ten replications to each of the special pleas, designating them by letters from a to j consecutively, and demurrers were sustained to all excepting e, g, h, i and j, as to each of which demurrers were overruled. Rejoinders, general and special, were filed, upon which the plaintiffs surrejoined. The sufficiency of the pleas is not a question before us; the assignments of error being upon the rulings upon demurrers to replications and upon subsequent proceedings. The replications to which the assignments of error relate each set up in avoidance of the pleas, fault and misconduct on the part of appellant respecting the matter of arbitration. As the application of the proof to the general issues formed thereon must determine the result of this appeal, it is well to notice them

particularly. Replication e, after setting out the stipulation in question, avers that the "said defendant wholly failed and refused to comply with its obligation contained in said stipulation in said policy." Replication g avers that upon appellee's demand for such arbitration "said defendant failed and refused to select a competent and disinterested appraiser as by said policy provided." The substance of replications h and i is the selection by appellant of a partial and interested appraiser to act in the arbitration ; and replication j sets up an attempted arbitration wherein appellant selected an interested appraiser, which fact of interest was unknown to plaintiffs, and a refusal to act with him on the part of the appraiser selected by appellee after learning of such interest.

By the opinion rendered upon the former appeal to which we now adhere, the stipulation in question was held valid and binding upon the parties.— *Western Assur. Co. v. Hall & Bro.*, 112 Ala. 318. The provision for arbitration is collateral to the contract for insurance ; and if it fails of accomplishment without fault of parties, they are relegated to their legal rights independent thereof.—*Pretzfelder & Co. v. Ins. Co.*, 116 N. C. 491 ; *Brady v. Ins. Co.*, 115 N. C. 354 ; *Ins. Co. v. Holking*, 115 Pa. 416. After disagreement as to the loss and a request by either party for arbitration, both parties were under the duty to act in good faith to have the loss ascertained as provided by the policy ; and if either in bad faith prevented such ascertainment by refusing to proceed, or by insisting on the selection of improper arbitrators, or by undue interference with them after their selection, the other party is thereby absolved from further obligation to arbitrate.—*Caledonian Ins. Co. v. Traub*, 35 Atl. Rep. (Md.) 13 ; *Uhrig v. Williamsburg City Fire Ins. Co.*, 101 N. Y. 362 ; *Aetna Fire Ins. Co. v. Stevens*, 48 Ill. 31 ; Joyce on Ins., § 3252 ; May on Ins., 496 D ; Biddle on Ins., § 1172. If such fault be attributable to the insured, it is a defense to the action on the policy, but if to the insurer, the lack of an award is not available to defeat a recovery. Tested by these principles the replications in question were each sufficient, and the demurrers thereto were properly overruled.

Appellees' rights could not be defeated by the act of appellant in wholly refusing to comply with the obligation as averred in replication e; nor is that averment open to the objection of generality since the fact of wholly refusing is issuable and is the vital part of the averment.

By the terms of the policy appellees were not bound to submit to an appraisement by interested or otherwise incompetent persons, since they do not fulfill the requirements of the policy.—Biddle on Ins., § 1172; Joyce on Ins., § 3242; *Aetna Fire Ins. Co. v. Stevens, supra.*

On the trial it was shown by the proof that the fire occurred on January 31st, 1894, resulting in damage to part and the total loss of another part of the property insured. Plaintiffs and Adams, the company's adjuster, disagreed as to the loss, and on February 21st, 1894, entered into an agreement whereby La Coste was selected by appellant and White was selected by appellees to ascertain the loss as provided by the policy. These appraisers selected Myers as umpire, and proceeded on the next day to examine the property and estimate the damage. After working an hour or two they disagreed, and White thereafter refused to act further. On the following day La Coste and Myers came to the factory containing the property and demanded admittance, which was refused by the plaintiffs. Plaintiffs notified Adams of White's refusal to act and the correspondence appearing in the record was had, and from that it appears that on March 16th Adams demanded of plaintiffs that they have White meet La Coste and Myers on the next day to proceed with the appraisement, to which plaintiffs replied on the same day to the effect that White refused to act with La Coste and Myers, and that they were unable to coerce his presence and also objecting to La Coste and Myers serving as appraisers on the ground that their views were known, and that La Coste was not disinterested, and that he and Myers had been employed and paid by the insurance company, and proposing to submit the matter "to any two gentlemen of the country who have no interest in the case." On April 22, 1894, Adams wrote plaintiffs demanding that the appraisers and umpire or any two of them be allowed admittance

to the factory and to make the award.   To this plaintiffs replied on May 3, 1894, by letter, stating again White's refusal, and objecting to La Coste and Myers proceeding alone, professing willingness to arbitrate under the terms of the policy, and proposing the selection of new arbitrators   and expressing belief that the company would not object to ''our   proposition to   select any  two reputable citizens of Huntsville or Madison county.''

The loss under the policy was $566.80.   There having been no award, the evidence as to loss was properly admitted under the issues tried.

Ordinarily the question of the breach of the arbitration clause is for the jury.   The evidence here, however, is without conflict, and the question of its effect is raised by the assignments of error upon the giving of the general affirmative charge for the plaintiffs, and refusal of a similar charge asked by defendant.   Such effect must be judged of in view of the issues formed by the pleadings.

It will be noticed that the 3d plea stops short of averring any act or conduct on the part of appellee operating to prevent the arbitration ; merely averring in that respect that no award had been received by or furnished to appellant.   Under a familiar rule, the defendant succeeds if any plea interposed  to  the  whole complaint is established by the proof, unless matter be replied and proven in avoidance.   While such matter is here replied to plea *3*, the replications are unsupported by proof.   It appears therefrom as an undisputed fact that appellant did not wholly refuse to arbitrate, but on the contrary that by agreement of both parties an arbitration was actually entered upon and continued until White refused to act further.   Neither is there any proof of interest, partiality or other incompetency on the part of La Coste. Mere recitals contained in  letters written by the appellees are not proof of such facts.   In such state of the pleading and proof the appellant was entitled to a verdict, and there was error in refusing the charge so affirming asked by appellant, as well as in giving the opposite charge for the plaintiffs.   Charges 2 and 3 given at request of appellees were likewise erroneous in the principles asserted.   Neither the failure to admit liability nor the demand for arbitration is equivalent to a

SUPREME COURT

[Wagar Lumber Co. v. Sullivan Logging Co.]

denial of liability which, as is generally held, amounts
to a waiver of arbitration, for the reason that in case of
such denial the dispute is not about the amount of loss.
Biddle on Ins., § 1175; May on Ins., 496; *Bailey v. Ins.
Co.*, 77 Wis. 336; *Phoenix Ins. Co. v. Badger*, 53 Wis.
283.

Surrejoinder b was but a repetition of what had been
averred in replication g, and the motion to strike it out
should have been granted.—*Hightower v. Ogletree*, 110
Ala. 94.

For the errors mentioned the cause must be reversed
and remanded.

If upon another trial the parties see proper to employ
the same prolixity of pleading that appears in this
record, it will be well for them to note that the state-
ment attempting to assign generally the several surre-
joinders to rejoinders is so vague that no effect can be
accorded to it. Also that the several statements assign-
ing replications to pleas by general reference thereto, is
uncertain in that it mentions the "replication" to plea
two in the singular, whereas there are ten replications
to plea two.

We have treated the case as if the replications remain-
ing after demurrer were assigned separately to the pleas
separately for the reason that they appear to have been
so treated by the parties in the circuit court and in this
court; but the result of the appeal is not affected by
such construction.

Reversed and remanded.