[Hall Brothers v. Western Assurance Co.]

# Hall & Brother *v.* Western Assurance Co.

```
|133  637|
|143  171|
```

## *Action on Fire Insurance Policy.*

1. *Insurance; arbitration clause; result of refusal to comply with provisions by one of the parties.*—Where in a policy of fire insurance, there is contained a provision for arbitration of the amount of the loss in the event of a disagreement as to such amount, if either party, after a disagreement as to the amount of the loss and a request by the other party for arbitration, in bad faith prevent such ascertainment by arbitration by refusing to proceed therewith, or by insisting upon the selection of improper arbitrators, or by undue interference with them after their selection, the other party is thereby absolved from further obligation to arbitrate; and if such fault be attributable to the insured it is a defense to the action on the policy, but if to the insurer, the lack of an award is not available to defeat a recovery on such policy.

2. *Same; same; same.*—Where the arbitration clause in a policy of fire insurance provides that in the event of a disagreement as to the amount of the loss, the amount of the loss should be ascertained by arbitration, and that the arbitrators should each be "competent and disinterested," if, under the agreement for submission to arbitration under such clause the arbitrator named by the insurer is not disinterested and this fact is known to the insurer, but unknown to the insured, the latter is not bound by the agreement to arbitrate, although the selection of such interested or partial arbitrator was agreed to by him; and under such circumstances the insurer is at liberty to prosecute a suit upon the policy of insurance and the agreement of submission to arbitrate presents no defense to the action.

3. *Same; same; general affirmative charge.*—Where in an action on a fire insurance policy which contained a provision for arbitration in the event of disagreement as to the amount of the loss, it is shown that the insured and insurer, upon disagreeing as to the amount of the loss, agreed to a submission to arbitration as provided by said clause, and that each selected an appraiser, who, together selected an umpire as provided for, but there was evidence tending to show that the appraiser selected by the insurer was not disinterested, but had been

employed by the insurer in many such cases and manifested an unusual interest in behalf of the insurer, showing a bias in its behalf, it is error to give, in such suit, the general affirmative charge.requested by the defendant.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellants, Hall & Brother against the Western Assurance Company of Toronto, and counted in the statutory form upon a fire insurance policy, seeking to recover the loss sustained by fire of said articles included in the policy.   The defendant pleaded the general issue and several special pleas setting up a violation on the part of the plaintiffs of the arbitration clause contained in the policy of insurance which provided for arbitration in the event of a disagreement between the insurer and insured as to the value of the property destroyed, in that after the plaintiffs and the defendant had agreed upon an arbitration, and had selected arbitrators who, in accordance with said arbitration clause selected an umpire, the plaintiffs declined to proceed with the arbitration, and caused the arbitrators selected by them to refuse to take part in such arbitration.

The arbitration clause referred to is set out in the report of this case on the former appeals, and is found in 120 Ala. 547, and 112 Ala. 318, and special reference is here made to the reports of the case as set forth in said appeals.   The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court at the request of the defendant, gave the general affirmative charge in its behalf, and to the giving of this charge the defendant duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

COOPER & FOSTER, for appellants, cited *Western Assur. Co. v. Hall,* 120 Ala. 547; *Harrison v. Ger. Amer. Ins. Co.,* 67 Fed. Rep. 577; *Hamilton v. Home*

*Ins. Co.*, 137 U. S. 370; *Conn. Fire Ins. Co. v. Hamilton*, 59 Fed. Rep. 258; *Brock v. Dwelling House Ins. Co.*, 47 Amer. St. Rep. 562; *Hickerson v. Ins. Co.*, 32 L. R. A. 172; 2 Amer. & Eng. Ency. of Law, (2d ed.), 634; 2 Beach on Receivers, § 1256.

JOHN LONDON and R. W. WALKER, *contra*, cited 3 Ency. of Pl. & Pr., 433; *Harmon v. Chandler*, 3 Iowa, 152; *Western Assur. Co. v. Hall*, 120 Ala. 547; s. c. 112 Ala. 318.

TYSON, J.—The two opinions in this case, on former appeal, settle the question of the binding efficacy of the "arbitration clause, contained in the policy sued on."—*Western Assurance Co. v. Hall*, 112 Ala. 318; *Ib.* 120 Ala. 547. Pursuant to this provision of the policy, a written agreement for submission to two certain named appraisers, to estimate the loss upon specified items of property, about which the parties disagreed, was entered into by them. Under this agreement the two appraisers were to select a third, who should act with them in matters of difference *only;* and their award was to be binding upon the parties.

The policy in express terms prescribes the qualifications of the members of the board of arbitration. It requires each of them to be "competent and disinterested." It is of no consequence that one was to be "selected" by each of the parties. The naming of a person to act as appraiser by one of the parties, was not a selection, until the other had agreed to accept him. The purpose of the clause is to secure a fair and impartial tribunal to settle the differences submitted to them. In their selection it is not contemplated that they shall represent either party to the controversy or be a partisan in the cause of either, nor is an appraiser expected to sustain the views or to further the interest of the party who may have named him. And this is true, not only with respect to estimating the amount of the loss, but also with reference to the selection of an umpire. They are to act in a *quasi* judicial capacity and as a court selected by the parties free from all partiality and bias in favor of either party, so as to do equal jus-

tice between them. . This tribunal having been selected to act instead of the court and in the place of the court, must, like a court, be impartial and non-partisan. For the term *"disinterested"* "does not mean simply lack of pecuniary interest, but requires the appraiser to be not biased or prejudiced." And if this provision of the policy was not carried out in this spirit and for this purpose, neither party is precluded from going to the courts, notwithstanding the agreement to submit their differences to the board of appraisers. In other words, if it be true that the appraiser named by defendant, although his selection was agreed to by the plaintiffs, was not disinterested and this was known to defendant but unknown to the plaintiffs at the time of entering into the agreement of submission, they are not bound by the agreement to arbitrate, and are at liberty to prosecute this suit. This would be a fraud upon the plaintiffs, and the agreement of submission to the appraiser is no defense to this suit.—*Hickerson v. Royal Ins. Co.,* 32 L. R. A. 172; *Brock v. Dwelling House Ins. Co.,* 47 Am. St. Rep. 562; *Bradshaw v. Agricultural Ins. Co.,* 32 N. E. Rep. 1055.

Pleas number 3 and 5 as amended and 7 of the defendant practically and substantially presented this issue. It is true replications numbered 2 and 3 to pleas 5 as amended and 7, also tendered this issue. But they were eliminated by demurrer, which ruling is assigned as error, but it is unnecessary to pass upon the correctness of it, since substantially the same issue of facts was tendered by the pleas. It is doubtless true that the burden of proof, under the issue made by these pleas, was upon the plaintiffs. The agreement to arbitrate having been executed for the purpose of carrying out the "arbitration clause" in the policy, in the absence of evidence tending to show that LaCoste, the appraiser named by defendant, was not disinterested, it would be presumed that he possessed the qualifications required of him. It may be well to say here that these pleas present the vital issue in the case. It is true there were two other special pleas filed in the cause, upon which issue was taken, but there is not the slightest evidence to sup-

[Hall Brothers v. Western Assurance Co.]

port either of them. The other plea, which was the general issue, only put the plaintiffs to proof of loss by fire of the property covered by the policy and the extent of the damage sustained, which they made.

The affirmative charge having been given at the request of the defendant, we must determine whether the evidence introduced was sufficient to authorize the submission to the jury of the question of LaCoste's disqualification, and if sufficient for that purpose, whether it was sufficient to authorize a submission to the jury of the question of fraud in his selection. LaCoste is shown not to have been a resident of Huntsville, when the loss occurred, but of Birmingham. On the next day after his selection, he appeared in Huntsville, was met at the hotel by Adams, the representative of the defendant, who made the agreement for submission for it and named LaCoste as an appraiser. He was then told by Adams that the first thing to be done is the appointment of an umpire and that he must appoint Myers, who had frequently acted for insurance companies and was a good man for them. He secured the seletion of Myers as umpire. After doing so, he instituted a search for Myers, and failing to find him at his place of business, he went to his home, at night, where he spent more than an hour. He said to White, the other appraiser, "We don't want to be in too big a hurry about this thing, as I get ten dollars a day and my expenses out of these insurance companies." He made an effort to have White displaced and have some one from St. Louis or Chicago to take his place on the board. His conduct was such as to cause White to decline further to act with him. In a letter written by these plaintiffs to Adams, the fact is stated that La-Coste had been repeatedly employed by the defendant and paid by it, which was never denied. Without attempting to draw any inferences from these facts, which are undisputed, it is clear to us that the disinterestedness *vel non* of LaCoste, was a question for the jury. So, too, we are of the opinion, that whether the defendant knew of his disqualification and whether the plaintiffs also knew of it should, under the evidence, be sub-

41c

mitted to the jury. For if the defendant knew of it and
concealed that fact, and the plaintiffs had no knowledge
of it, this would amount to a fraud, which would absolve
the plaintiffs of all obligations under the agreement en-
tered into by them to submit the differences between
them and defendant to the board of which he was a mem-
ber. Fraud may be perpetrated by the intentional con-
cealment of a material fact as well as by the misrepre-
sentation of a material fact, if relied on and ignorantly
acted upon by the other party to his injury, where a
duty is upon the party possessing the knowledge to dis-
close the fact.—*Van Ardsdale & Co. v. Howard,* 5 Ala.
596; *Griel v. Lomax,* 89 Ala. 420, and authorities there
cited. When the defendant assumed to act under the
terms of the arbitration clause in the policy, the obli-
gation was upon it to name as an appraiser to be se-
lected, a "competent and disinterested" person. This
duty it owed to the plaintiffs and the plaintiffs had a
right to rely upon its fulfilment of this obligation. If,
instead of naming a qualified person, it named and se-
cured the selection of LaCoste, knowing that he was not
disinterested, but would be a partisan in its behalf, and
the plaintiff was ignorant of these facts, this would be
a fraud which would vitiate the agreement.

Reversed and remanded.