143 So. 465

## MARYLAND CASUALTY CO. v. MAYFIELD.
### 6 Div. 58.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied Oct. 13, 1932.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Henry J. Mayfield and A. V. Van de Graaff, both of Tuscaloosa, for appellee.

**BROWN, J.**

This action is by the appellee against the appellant on a policy contract of insurance, insuring the plaintiff against damages to her "1930 Packard Sedan Automobile," resulting from "accidental upsets" and other perils, not here material.

The defendant, to the complaint consisting of three counts, filed five pleas in abatement, praying that "the summons and complaint in this case be quashed" for that the policy contract contained the following provision, after stating the coverage: "Provided however, that the Company's *liability for such collision loss or damage, or for the cost of suitable repairs or replacements shall not exceed the actual cash value of the property damaged or destroyed at the time of the collision, less the deduction, if any, applicable thereto. The amount of such loss or damage, or the nature and extent of the damage requiring repair or replacement, less such deduction as aforesaid, shall be determined between the parties hereto, if possible, otherwise by two appraisers, one to be chosen by the Assured and one by the Company. The two appraisers so chosen, if they are not able to agree, shall elect a third and the award in writing of any two of the appraisers shall determine, (1) the nature and extent of the damage requiring repair or replacement; (2) the amount of the loss in money. The Company may accomplish such repair or replacement so determined by such means as it may elect, or at its option pay in money the amount fixed by the appraisers.*" (Italics supplied.)

. Plea 1 further averred that the matter set up in the complaint constituted a dispute

arising out of the contract; that plaintiff did not first submit her dispute or *her cause of action* to the appraisers as provided for in the contract; that defendant notified plaintiff that it desired such arbitration and has always been ready and willing "to arbitrate said matters or dispute or *cause of action* arising out of said contract and in the manner provided for in said contract." (Italics supplied.)

"The defendant further avers that this Court is without jurisdiction of said matters."

Plea 2, after setting out the nature of the contract and coverage, and the clause for arbitration, further averred: "That said matters set out in the plaintiff's complaint and each count thereof constitute a dispute or a cause of action arising out of the terms or provisions of said contract. The defendant further avers *that the aforesaid provision for arbitration was entered into between the parties for the purpose of settling any dispute* which might arise under said contract *without recourse to any action at law*, and that before the filing of this suit the plaintiff *failed or refused to arbitrate said dispute or cause of action.*" (Italics supplied.)

Plea 3 is in substance the same as plea 2, with the added averments: "That the plaintiff appointed one appraiser or arbitrator and the defendant appointed one appraiser or arbitrator in pursuance of said contract and the two appraisers or arbitrators so appointed were unable to agree upon the damages of the plaintiff. * * * That the appraiser or arbitrator so appointed by the plaintiff wilfully refused or failed to cooperate with the appraiser or arbitrator appointed by the defendant *in that he did not agree* upon some third person to be selected as one of the appraisers or arbitrators for said dispute or *cause of action* between the plaintiff and the defendant." (Italics supplied.)

Plea 4, in addition to the averments substantially embodied in plea 1, alleges that plaintiff appointed one Jones, who was not qualified for the reason that he was related by marriage to plaintiff *"within the degree of kinship prohibited by law."* (Italics supplied.)

Plea 5, in addition to the general averments in the other pleas, alleged that Jones, who was appointed by plaintiff, "was not competent or qualified to act as such appraiser or arbitrator *in that he was not an automobile mechanic and neither had he any experience in repairing automobiles or estimating damages to automobiles of the character and type involved in this suit."* (Italics supplied.)

■ The court sustained demurrers to these pleas, as appears from the judgment entry, but the demurrers do not appear in the record before us. Therefore, the presumption will be indulged in favor of this ruling, that the demurrer pointed out all the defects appearing on the face of the pleas. Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Miller v. Mutual Grocery Co., 214 Ala. 62, 106 So. 396; Pell City Manufacturing Co. v. Cosper, 172 Ala. 532, 55 So. 214.

■ Taking the averments of defendant's pleas 1, 2, and 3 most strongly against the pleader, the stipulation in the contract providing for the arbitration included, not only the quantum of the plaintiff's damages, but her right of action—the cause of action—and so construed the stipulation is void as against public policy. Western Assurance Co. v. Hall & Brother, 112 Ala. 318, 20 So. 447.

■ On the other hand, if the stipulation pleaded is not subject to the construction placed on it by the plea, the plea is bad for this reason.

■ Plea 3 is also bad in that it undertakes to defeat the plaintiff's right to sue because of the misconduct of the arbitrator selected by her without showing that she was in any way responsible therefor.

■ Plea 4, which seeks to disqualify the arbitrator selected by the plaintiff on the ground of his relation to plaintiff by affinity, without averring the relation but averring as a mere conclusion that he was so related "within the degree of kinship prohibited by law," was subject to demurrer on this ground.

■■ Plea 5 is bad in that it seeks to read into the contract a stipulation that would disqualify all persons as arbitrators, other than automobile mechanics who had had experience in repairing automobiles or estimating damages to automobiles of the character and type involved in the suit. The subject-matter of said pleas is not matter which would defeat the jurisdiction of the court and abate the action, but matter for plea in bar of the action. Western Assurance Co. v. Hall & Brother, 120 Ala. 547, 24 So. 936, 74 Am. St. Rep. 49; Hall & Brother v. Western Assurance Co., 133 Ala. 637, 32 So. 257.

■ Therefore, conceding that the court in passing on the demurrer could have treated the pleas as pleas in bar, if they had been otherwise without demurrable defect, yet the defendant having presented the pleas as in abatement to oust the jurisdiction of the court, the error, if any, was invited by the appellant, and it cannot avail of this error to reverse the judgment. Travis, Admr., v. Sloss-Sheffield Steel & Iron Co., 162 Ala. 605, 50 So. 108; Western Union Tel. Co. v. Griffith, 161 Ala. 241, 50 So. 91.

The defendant pleaded the general issue in short by consent.

The appellee's contention on the trial, and now, is that under the policy contract the measure of her damages was the difference in

the reasonable cash market value of the automobile immediately before it was injured and the reasonable market value immediately thereafter.

The defendant's contention, on the other hand, was, and is: (1) That under the terms of the arbitration clause it was entitled to have the amount of its liability determined, and that it had the option to either repair the car, or to pay in discharge of its liability the amount so ascertained; and (2) that the limit of its liability, in the absence of arbitration, was the reasonable cost of making the repairs on the car.

All of the rulings of the court are related to these contentions, and the presence of the policy contract is essential to an understanding of these rulings.

We are confronted here with the fact that the policy contract was not transcribed into and made a part of the bill of exceptions, but in lieu thereof a paper writing, apparently the original policy, attached to the margin of page 27 of the record, with the statement in brackets, presumably by the clerk of the court: "The above printed contract between the plaintiff and the defendant was authorized and ordered to be used in this transcript by the presiding Judge of said Tuscaloosa County Circuit Court."

In Commercial Inv. Trust, Inc., v. East, 217 Ala. 626, 117 So. 160, 161, it was observed that: "It has been the unvarying rule of this court since the decision in Pruitt v. McWhorter (1883), 74 Ala. 315, not to consider documents put in evidence in the trial court and transmitted to this court unless copied into the transcript." See, also, Missouri State Life Ins. Co. v. Stuckey (Ala. Sup.) 141 So. 246, 248,[1] where it was held that compliance with the rule (Supreme Court Rule 24) cannot be waived by the parties because "the matter presented affected the court and its procedure." The reason for the rule and its strict application is that the record on appeal becomes the permanent record of the court in the particular case, and is bound and filed in its permanent archives. To allow the practice of attaching such matters to the margin of the record—matters that may be easily removed or substituted—would invite mutilation and destruction of the permanent record of the court. The matter omitted from the record is not brought within the curative influence of Rule 47, Supreme Court Practice. Cannon v. Scarborough, 223 Ala. 674, 137 So. 900.

In the absence of the contract, the foundation of the suit, the other questions argued are not properly presented for review.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

