191 So. 642

## CHAMBERS v. HOME INS. CO. OF NEW YORK.

### 8 Div. 833.

Court of Appeals of Alabama.

June 30, 1939.

Rehearing Denied Oct. 3, 1939.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

George E. Chambers brought his suit in the Circuit Court of Lawrence County against the Home Insurance Company of New York to recover damages in the sum of $500 which said plaintiff alleged was due him by said defendant under an insurance policy issued by said defendant to said plaintiff. The plaintiff's suit against the defendant is set out in count 3 of plaintiff's complaint, in so far as this appeal is concerned.

The Reporter will copy all of said Count 3 into his report of this case.

Home Insurance Company of New York, defendant, answered the plaintiff's complaint, in so far as this appeal must determine the questions presented, by filing its plea No. 3 and amendment thereto. Defendant's plea number 3 as amended sets up certain provisions of the policy of insurance on account of which the defendant says plaintiff ought not to recover damages under said policy.

The Reporter will copy all of defendant's plea No. 3, and the amendment to said plea, into his report of this case, inasmuch as it is admitted by defendant that this plea and amendment correctly present the provisions of said policy of insurance which defendant contends bar the plaintiff's action.

W. L. Chenault, of Russellville, for appellant.

The plaintiff demurred to defendant's plea No. 3, as amended. The trial court overruled plaintiff's demurrer thereto and the plaintiff then filed his replications, numbers 2, 3 and 4 to said plea number 3, as amended.

The Reporter will set out said replications 2, 3 and 4 in his report of this case.

The defendant demurred to plaintiff's replications 2, 3 and 4, each respectively. The trial court sustained defendant's demurrer to said replications and on account of the adverse ruling of the trial court in sustaining defendant's demurrer to plaintiff's replications 2, 3 and 4 to defendant's plea number 3, as amended, the plaintiff took a nonsuit, with bill of exceptions, and brings his appeal to this court under the provisions of section 6431 of the Code, 1923.

In order that the pleadings may be understood it is necessary for the Reporter to set out, also, defendant's said demurrer to said replications 2, 3 and 4 in his report of this case.

■ The law applicable to the averments of count 3 of the complaint and applicable also to defendant's plea No. 3 and to plaintiff's replications 2, 3 and 4 thereto, as well as to defendant's demurrer to said replications, is that a denial of liability by an insurer on a policy of insurance, issued by the insurer, amounts to a waiver of an arbitration, or appraisal, clause incorporated in said policy; the reason for the rule being that in the event of such denial the dispute is not about the amount of the loss. Western Assurance Co. v. Hall & Brother, 120 Ala. 547, 24 So. 936, 74 Am.St.Rep. 48; Ray v. Fidelity-Phoenix Fire Ins. Co., 187 Ala. 91, 65 So. 536; Mississippi Fire Ins. Co. v. Dixon, 133 Miss. 570, 98 So. 101; 26 Corpus Juris, 431, Sec. 574; Couch's Cyclopedia of Insurance Law, Vol. 7, p. 5648, Sec. 1613.

■ It is also the law of this State that a denial of liability by an insurer on a policy of insurance issued by it estops the insurer from pleading an arbitration, or appraisal clause of the policy, as a defense to an action brought by the insured on said policy, after such denial of liability was made and before the same was retracted, or modified. Couch's Cyclopedia of Insurance

Law, Vol. 7, p. 5645, Sec. 1613; Scharfenberg v. Town of New Decatur, 155 Ala. 651, 47 So. 95; Headley v. Ætna Ins. Co., 202 Ala. 384, 80 So. 466; Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428; Colvin v. Payne et al. 218 Ala. 341, 118 So. 578; Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465.

■ Count 3 of plaintiff's complaint does not aver the defendant failed to admit liability, nor that the defendant failed to demand the observance of the arbitration, or appraisal clause contained in said policy of insurance, or either of them but it does, plainly and unequivocally, aver that the defendant "denied all liability to this plaintiff under said policy and refused to pay his said damages."

The defendant, answering said complaint, did plead the arbitration, or appraisal, clause of said policy in bar of plaintiff's action. The plaintiff demurred to defendant's plea and the same being overruled by the trial court the plaintiff filed his replications setting up the waiver and the estoppel averring that the defendant, after the suit was brought, undertook to have said damages appraised, and then called upon plaintiff for an appraisal of said damages under the terms of said policy. This court is of the opinion that under the law of this State the defendant was estopped to plead the appraisal, or arbitration, clause of the policy of insurance sued upon in answer to plaintiff's complaint as averred in count 3 thereof and that the trial court erred in sustaining the defendant's demurrer to plaintiff's replication setting up the waiver and estoppel. Citations, supra.

If the defendant qualified its denial of liability to plaintiff under the provisions of the appraisal, or arbitration, clause of the policy of insurance, sued upon, then the defendant did not deny all liability under said policy as is averred in count 3 of plaintiff's complaint.

For the error committed by the trial court in sustaining defendant's demurrer to plaintiff's replications 2, 3 and 4 the judgment of the court below sustaining said demurrer is hereby reversed and this cause is remanded to said court.

Reversed and remanded.