1 So.2d 15

## CHAMBERS v. HOME INS. CO. OF NEW YORK.

8 Div. 99.

Supreme Court of Alabama.

March 20, 1941.

W. L. Chenault, of Russellville, for appellant.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

FOSTER, Justice.

This is the second appeal in this case. See 29 Ala.App. 34, 191 So. 642; 238 Ala. 440, 191 So. 645.

The question then before the court was the sufficiency of plaintiff's replications to pleas alleging a failure to furnish proofs of loss, and to submit to an appraisal the amount of the damages. The replications alleged that defendant denied liability on the policy, and it was held on that appeal that they presented sufficient matter in avoidance of defendant's pleas.

When the suit was remanded on another trial, evidence was taken on the issues thus

made. The trial judge took the view that defendant had not made unqualified denial of liability, and gave the affirmative charge for defendant. A verdict and judgment resulted in accordance with the charge, and plaintiff appeals.

There is only one insistence made by appellant in brief, and that is that there was evidence sufficient to submit to the jury the question of whether defendant made an unqualified denial of liability so as to relieve him of the duty to agree to the appraisal.

No question will be treated or considered except that of whether there was evidence of an unqualified denial of liability by defendant. There was a loss payable clause to a mortgagee whose claim was $161. The only denial of liability shown in the evidence was a refusal to pay assured, this plaintiff, anything on the basis of defendant's claim that nothing was due him after paying the mortgagee. The denial of liability contemplated by law is not of the sort thus shown to justify a failure to comply with policy requirements. Such denial must in general be upon the basis of the invalidity of the contract, its want of coverage, or forfeiture on account of a breach of some stipulation or warranty in the policy. 26 Corpus Juris 431. Accordingly it is said in Western Assur. Co. v. Hall, 120 Ala. 547, 557, 24 So. 936, 940, 74 Am.St.Rep. 48, that "Neither the failure to admit liability, nor the demand for arbitration, is equivalent to a denial of liability" which amounts to a waiver.

There is no evidence of a contention by defendant that there was no liability on the policy, but only a denial that the amount of the loss was such as that anything was due plaintiff considering the claim of the mortgagee which was paid. That is not such a denial of liability as to waive the arbitration clause in the policy.

We also call attention to the fact that the question here is on the affirmative charge, and the bill of exceptions does not purport to set out all the evidence. On the contrary, it affirmatively shows that the policy sued on was introduced in evidence, but it is not set out in the bill of exceptions. See Patton v. Endowment Department, etc., 232 Ala. 236, 167 So. 323.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.