8 So.2d 404

McCULLOUGH et al. v. MILL OWNERS MUT. FIRE INS. CO.

6 Div. 983.

Supreme Court of Alabama.

April 23, 1942.

Rehearing Denied June 11, 1942.

Jim & Wallace Gibson, of Birmingham, for appellants.

Mead & Moebes, of Birmingham, for appellee.

FOSTER, Justice.

Appellant, plaintiff in the trial court, seeks to review certain rulings of that court on pleadings, having taken a non-suit by reason of those adverse rulings.

■ Considering them in the order as argued by counsel, we note that count 1, to which demurrer was sustained, is not different from count A, to which demurrer was overruled, so that there was no prejudice to appellant by such ruling.

■ Count C, to which demurrer was sustained, claims for the damage to "one sewing machine and certain groceries situated" in a dwelling house, which defendant insured against loss or injury by windstorm, and that said personal property was in the house at the time, and was damaged by said windstorm.

The allegation is not that the personal property was insured, but that the house was, and that being in the house and both being damaged by windstorm, recovery may be had for the personalty as well as the house.

The coverage must be as specified in the policy and cannot be enlarged by the court. For a study of such policies, see 17 Corpus Juris 693. This count shows on its face the personal property was not in the coverage. We pretermit other questions which may be presented as to the sufficiency of this count.

#### Pleas 3 and 4.

The sufficiency of those pleas against demurrer was sustained, of which appellant complains. They set up the arbitration clause of the policy. That clause provides that, "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and his company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire;. and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser re-

spectively selected by them and shall bear equally the expenses of the appraisal and umpire," and that "No suit or action on this policy shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements." Plea 3 then alleges that after said loss there arose a disagreement between it and assured as to the amount of said loss, and defendant avers the amount of said loss has not been ascertained as provided in the above quoted provision of the policy of insurance sued on. Hence defendant says plaintiff ought not to recover.

Plea 4, after setting out the policy provision as above, avers: "Subsequent to the loss alleged, there arose a disagreement between plaintiff and defendant as to the amount of said loss, and defendant thereupon demanded of plaintiff that the amount of said loss be ascertained as provided in the above quoted provision of the policy of insurance sued on. And defendant further avers that in response to such demand, plaintiff refused to so ascertain the amount of said loss and refused to abide by the above quoted provision of the policy of insurance sued on. Hence, defendant says plaintiff ought not to recover."

The demurrers addressed to both pleas go to the point that they set up matter in abatement, and not in bar as they are pleaded. We think, as we will undertake to show, that plea 3 sets up matter in abatement, and plea 4 matter in bar. The pleas being in bar waive the right to claim an abatement.

One feature of the clause indicates that its observance is a condition precedent to the maintenance of the suit, with no expressed forfeiture for a refusal to perform or a failure to perform. Such has been the interpretation of it by this court. Ex parte Birmingham Fire Ins. Co., 233 Ala. 370, 172 So. 99; Headley v. Aetna Ins. Co., 202 Ala. 384, 80 So. 466, as well as other authorities, 29 Amer.Jur. 927, 928, sec. 1242.

Plea 3 states that the amount of the loss has not thus been ascertained though there was a disagreement as to the amount of it. This merely alleges the absence of facts which go, not to the right of action, but only to the present right to sue on the claim. The condition for maintaining the suit has not been met as there alleged, not the existence of a condition which destroys the right of action.

But it is contended on the authority of Western Assurance Co. v. Hall, 112 Ala. 318, 20 So. 447; Id., 120 Ala. 547, 24 So. 936, 74 Am.St.Rep. 48; Hall v. Western Assur. Co., 133 Ala. 637, 32 So. 257, that plea 3 without further averment sets up good matter in bar. Those cases are all based on an arbitration clause similar to the one here under consideration. This Court held that it is a good plea in bar to allege a failure and refusal to comply with the covenant, without good cause, when demand on plaintiff had been duly made by defendant. And when the Court in Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465, referred to this as being proper matter in bar, it was dealing with a similar situation.

The status of the law as thus made manifest by one line of our cases is that the stipulation making a compliance a condition precedent to suit is proper matter in abatement. Headley v. Aetna Ins. Co., supra; Ex parte Birmingham Fire Ins. Co., supra. That a breach of the covenant to arbitrate, without good cause, is proper matter in bar, though the clause also contains a stipulation making a compliance a condition to suit. For it has been distinctly held that a breach of the covenant to arbitrate by a failure and refusal to do so without good cause when proper demand is made is good matter in bar. The Hall cases, supra. And this must be so notwithstanding the clause making mere non-compliance a condition to a suit. The difference is that as to one there must be a breach of the covenant after demand made, and as to the other it is stipulated that a compliance is a condition to the maintenance of the suit.

There is no conflict in the case of Chambers v. Home Ins. Co., 29 Ala.App. 34, 191 So. 642, certiorari denied 238 Ala. 440, 191 So. 645, Id., 241 Ala. 20, 1 So.2d 15. In that case there was a plea similar to plea 3 in the instant case, but its sufficiency was not considered on appeal—only the replications to it.

The demurrer also raises the point in substance that plea 3 does not show that plaintiff was in default in respect to this clause in the policy, by a refusal or failure to act upon demand or notice by the defendant of a desire to invoke its provisions.

While a compliance is a condition to the maintenance of the suit, it may be waived by the insurer. The respective duties of the parties under such a clause is thus expressed in 29 Amer.Jur. 929, section 1243: "According to some cases, where compliance with a clause for arbitration or appraisal in case of disagreement as to the amount of loss is made a condition precedent to recovery and the maintenance of an action upon the policy, the duty to procure or to make a demand for such arbitration or appraisal is upon the insured. It is more generally held, however, that where a policy provides for arbitration or appraisal, the provision is for the benefit of the insurer who must make demand therefor or take the initiative step therefor or be deemed to have waived such provision, thus entitling the insured to assert his claim in an action on the policy. Upon like principle, it has been held that a waiver of the provision by the insurer will be inferred where it fails to demand arbitration or appraisal before the time stipulated in the policy for the payment of the loss. There is also authority to the effect that where a policy of insurance expressly makes an appraisal and award a condition precedent to suit on the policy, the insured is not more bound than the insurer to demand an arbitration after disagreement as to the amount of loss, and that where neither party demands arbitration, such condition is deemed waived by both."

The principle is likewise so stated in 26 Corpus Juris 418, section 542.

We express our own views as follows: Since compliance is a condition precedent to a suit when such disagreement has arisen, a complaint need not allege a compliance unless it sets out the clause and alleges the existence of the disagreement. But the defendant must generally plead it. If the plea alleges such disagreement and the absence of compliance with the requirements, that is a good matter in abatement of the suit, with no positive breach by plaintiff alleged. Such is plea 3. So that plea 3 is a good plea of matter in abatement (it should of course have been so pleaded and sworn to). If it were so pleaded and sworn to, in order to avoid its effect, plaintiff should allege in reply either an offer of compliance by him, or a readiness and willingness to comply, and some good excuse for not doing so. We think that a willingness to comply, though the insurer was not so notified, is good matter of replication if the defendant made no demand on plaintiff to do so, or gave plaintiff no notice, within a reasonable time after the disagreement arose, of its desire to have this clause observed. For it is said that if both parties are at fault in this connection, the clause ceases to be a condition precedent. 29 Amer.Jur. 940, section 1258; 26 Corpus Juris 418, notes 14 and 15.

But plea 4 is of a different sort. It alleges a failure and refusal by plaintiff to comply with the covenant after defendant made demand upon him for a compliance. Whether the plea is in abatement or in bar, it need not negative an absence of good cause for the failure. But plaintiff should by replication show a good cause. The principle is thus expressed in 29 Amer. Jur. 939, section 1257: "The courts are agreed that if appraisal is a condition precedent to action on the policy, and if the failure to secure an award upon an attempted appraisal or arbitration is due to the fault of the insured or his appraiser, the absence of an award is a bar to an action on the policy by him. Accordingly, where arbitration is made a condition precedent to recovery on the policy, the failure or refusal of the insured, without cause, to submit the adjustment of the loss to appraisers or to allow the continuance of arbitration or appraisal in accordance with the provisions of the policy is a valid defense to an action on the policy."

But the plea in bar must, as does plea No. 4, allege a demand and a refusal to comply with the covenant. A plea in abatement is not of matter conditioned on a demand. But a compliance is a condition to maintaining the suit. Therefore when a plea in abatement alleges a noncompliance, plaintiff must set up by replication good cause for a non-compliance. Headley v. Aetna Ins. Co., supra.

Construed in the light of the foregoing discussion, we think that the demurrer to plea 3 should have been sustained, because it pleads in bar matter which as there set out is only good in abatement of the action; but that the demurrer to plea 4 was properly overruled.

The next question argued by counsel for appellant is the sufficiency of replication No. 2, to which demurrer was sustained as an answer to pleas 3 and 4.

That replication shows that defendant requested the appointment of an appraiser; that this request was complied with; that defendant named an appraiser; whereupon plaintiff's attorney called the defendant's adjuster over the telephone and informed him that it was plaintiff's contention that defendant's appraiser was not disinterested, and that the adjuster failed and refused to appoint a disinterested appraiser, and, therefore, that defendant is estopped to set up as a defense the matters alleged in those pleas. It will be noticed that this replication does not allege that the appraiser named by defendant was not disinterested, but merely that such was their contention. To be sure the appraiser named must be disinterested, but no proper issue is presented by a mere allegation that plaintiff notified defendant that he claims the appraiser named by defendant was not disinterested. Whereas in replication No. 3 the proper allegations were made in this respect and demurrer to it was overruled. So that there is no reversible error in respect to the ruling on replication No. 2.

Replication No. 4 is too indefinite in its averments to present good matter in reply to the pleas numbered 3 and 4. It is wholly insufficient in that respect.

Replication No. 5 is not an allegation of matter sufficient to excuse a failure to observe the arbitration clause. The investigation of the loss by the adjuster before an effort is made to arbitrate is not a waiver of this clause, though at the time of such investigation, there may have arisen a dispute as to the amount of the loss. The authorities cited do not support appellant's contention. Compare, Chambers v. Home Ins. Co., 241 Ala. 20, 1 So.2d 15.

Rejoinder 2 to replication No. 3. We think it was subject to several grounds of the demurrer. It sets up as a waiver a proposal which was based on a condition not accepted or acted on, and therefore it was ineffectual for any purpose.

Rejoinder No. 3 to replication No. 3. There are no demurrers in the record to this rejoinder, as we can find. But it sets up more in detail the same matter as in rejoinder No. 2, and there should have been a like ruling, but since there was no demurrer addressed to it, we cannot review it.

For the error in overruling demurrer to plea 3 and to rejoinder No. 2 to replication No. 3, the judgment must be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.