## MISSISSIPPI FIRE INS. CO. *v.* DIXON.

(Division A. Dec. 3, 1923.)

[98 So. 101. No. 23641.]

1. INSURANCE. *False statement as to ownership of building containing insured goods held not to avoid policy.*

    Plaintiff sued an insurance company on a policy of insurance against fire loss of his household furniture, which the policy stated were located in the residence of the insured, owned by him, and provided that the insurance should only continue while said goods were contained in the insured's residence. The policy contained a forfeiture clause which did not expressly provide for a forfeiture in case of false statement by the insured as to the ownership of the building in which the household goods were located. The insurance company defended on the ground that the representation of ownership of the building was material and, being false, avoided the policy. *Held* that,

under the provisions of the policy in question the ownership of the building in which the goods of insured were located was not material; and a false statement by the insured as to such ownership did not avoid the policy.

2. INSURANCE. *Arbitration clause waived where insurer denies liability; arbitration clause waived where insurer fails to propose arbitration..*

The usual stipulation in the standard fire insurance policy providing for arbitration "in the event of disagreement as to the amount of loss" is waived by an insurance company where it makes an unqualified denial of liability, or where the company fails to put the insured in default by proposing to carry out said arbitration clause.

3. TRIAL. *Instruction inapplicable to facts harmless where jury fully instructed otherwise.*

The giving of an instruction correctly stating the law, but inapplicable to the facts, of the case is error, but such error is harmless where by other instructions the jury are instructed as to every phase of the issues of fact submitted to them for trial.

4. INSURANCE. *Innocent overvaluation in proof of loss held not to defeat recovery under fire policy.*

In a suit on a fire insurance policy for loss, where one defense of the insurance company was that the insured through fraud and false swearing had made proof of loss of a much larger amount than his actual loss, and the policy provided that, in case of fraud or false swearing by the insured touching his insurance, "whether before or after loss," should avoid the policy, *held*, that there was no error in giving the following instruction: "The court instructs the jury for the plaintiff that, even though you believe that an overvaluation was made by the plaintiff in his proof of loss, this will not defeat his recovery unless you find further that such overvaluation was made for the purpose of defrauding the defendant, and, if you should find that the overvaluation, if in truth and in fact there was an overvaluation, is innocent, you will return a verdict for the plaintiff."

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by R. M. Dixon against the Mississippi Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Wells, Stevens & Jones,* for appellant.

The court erred in overruling the motion for a continuance of the defendant and forcing it to trial in the absence of D. M. Mayers and Arnold Harbour. Each of these witnesses had had personal service of subpoena to be present as a witness. The testimony of each was most material. By no other witness could be proven what we expected to prove by these two witnesses, as set out in the motion for continuance and set forth above in the statement of facts. D. M. Mayers was sick in bed and he had a doctor's certificate to that effect.

Arnold Harbour was absent, but we had made every effort to have him present and would have had him attached but for the fact that an attachment would have done no good; the case would have been over before he could have been brought to Jackson. However, he was in the state of Mississippi at his home and the defendant could have had him present at the next term of court.

While, of course, it was in the discretion of the court to continue or not continue the case, that discretion was one which was controlled by the settled law of the state as set forth in previous decisions of this court and not an arbitrary one to be exercised by a judge to obviate difficulties brought upon himself by the plaintiff in bringing his suit over a hundred miles from home. This court has spoken in no uncertain tones upon this proposition.

In the case of *Hemingway* v. *The State,* 68 Miss. 371, the law was laid down that "On motion for a new trial or appeal the supreme court occupies a vantage ground in reviewing the action of the trial judge in refusing a continuance. From this position in the light of the developed facts it will look to the whole case in deciding whether or not the party was prejudiced by the refusal to grant the continuance."

That this question is not entirely within the discretion of the trial court has been announced in a long series of

Mississippi decisions. In *Ogle* v. *The State,* 33 Miss. 383, at 387, the court said "Applications of this kind are always addressed to the sound discretion of the court; and it is only where this discretion has been manifestly abused that the action of the court below can be assigned as error."

While on the facts the court did not here find sufficient grounds for reversal, the principle is announced that in a proper case it will do so. See, also, *Lundy* v. *The State,* 44 Miss. 699; *Sellars* v. *Kelly,* 45 Miss. 323; *Hartford Fire Insurance Co.* v. *Green & Company,* 52 Miss. 332; *Caldwell* v. *The State,* 85 Miss. 383; *Scott* v. *State,* 80 Miss. 197; *Watson* v. *State,* 81 Miss. 700; *Walker* v. *State,* 92 So. 580; *Soloman* v. *The State,* 71 Miss. 567. In all these cases the facts did not warrant a reversal, but the doctrine that where the facts did show that the refusal to allow a continuance worked a real hardship, was clearly enunciated.

The decisions of many other jurisdictions are in accord with ours in holding that the discretion to be exercised by the court upon an application for a continuance is a legal and not an arbitrary one and is subject to revision. Fla., *Hardee* v. *Langford,* 6 Fla. 13; Ind., *Bartel* v. *Tieman,* 55 Ind. 438; N. J., *Haines* v. *Roebuck,* 47 N. J. Law, 227; N. Y., *Tribune Association* v. *Smith,* 40 N. Y. 251; Texas, *Brooks* v. *Howard,* 30 Texas 278; *Turner* v. *The State,* 20 Tex. App. 56; West Virginia, *Buster* v. *Holland,* 27 W. Va. 510; Wisconsin, *Catlin* v. *Henton,* 9 Wis. 476.

We submit that this is an identically parallel case with that of fire insurance upon a dwelling which is represented and described in the policy as being occupied by the owner, when in truth and in fact, it is occupied by a tenant. The courts have invariably held that under this standard form of fire insurance policy non-occupancy of the insured property by the owner avoids the policy and prevents a recovery.

We respectfully call the attention of the court to the following case bearing directly upon this case: *Planters Mutual Insurance Association* v. *Dewberry,* 69 Ark. 295.

See, also, *Elliott* v. *Farmers Insurance Company,* 86 N. W. (Iowa) 224; See to the same effect: *Wenzel* v. *Commercial Insurance Company,* 67 Calif. 440; *Hartford Fire Insurance Co.* v. *Ross,* 23 Ind. 180; *Germania Fire Insurance Company* v. *The Home Fire Insurance Company,* 144 N. Y. 195.

Since, therefore, it is well settled on the authorities that where insurance is to cover a building only while occupied as a dwelling by the owner, it seems equally clear in the case at bar that where the policy on this personal property insured it against loss only while contained in the above described building .. . . while occupied as a dwelling by the owner, the general rule is applicable.

No higher authority can be cited in closing this phase of our argument than Judge Cooley in his monumental work on the law of insurance. In "Briefs on the Law of Insurance," Vol. 2, at page 1628, we find this statement: "Change from occupation by the owner or insured to occupation by a tenant may be regarded as a material change and consequently within the meaning of the condition providing that a change of occupants will forfeit the insurance . . . The term "occupancy" may be used in relating to personal property, referring in such cases to the possession thereof."

Again, the insured, R. M. Dixon, entered suit without any arbitration having first been had, as required by the terms of the policy and until such arbitration was had the suit was premature and cannot be sustained.

In this connection we desire to call the court's particular attention to a series of cases argued and decided together by the supreme court of Ohio when policies containing the exact words of the policy here sued on came under the review of the Ohio court. The cases were elaborately argued and former decisions of the supreme court of Ohio were expressly overruled and the contention of the insurance companies upheld. *Graham et al.* v. *Ger-*

*man American Insurance Company,* 75 Ohio State, 374, 79 N. E. 930, 15 L. R. A. (N. S.) 1055.

In accord with the supreme court of Ohio are the following opinions of the courts of Minnesota and Illinois, and Tennessee, as follows: *Masness* v. *German American Insurance Co.,* 50 Minn. 341; *Palatine Insurance Company* v. *The Morton-Scott-Robertson Company,* 106 Tenn. 558, 61 S. W. 787; *Phoenix Insurance Company* v. *Lorton,* 109 Ill. App. 63.

The court erred in granting the second instruction for the plaintiff, found on page 182 of the record, which is as follows, to-wit: "The court instructs the jury for the plaintiff that where fraud is relied upon as a defense, the burden of proving such fraud is upon the defendant, and the proof must be clear and convincing. While such charges and defenses may be proved by circumstantial evidence the circumstances must be proven with reasonable certainty and the circumstances so proven must be such that the conclusion sought to be established follows logically from the facts. If there are two or more reasonable theories which may be drawn from the facts proven, the proof will be insufficient because, to invest mere circumstances with the force of truth, the conclusion must not only be logical, and tend to prove the facts charged, but must be inconsistent with a reasonable theory of innocence."

The court erred in granting the fourth instruction for the plaintiff, found on page 183 of the record, which is as follows, to-wit: "The court instructs the jury for the plaintiff that even though you believe that an over-valuation was made by the plaintiff in his proof of loss, this will not defeat his recovery unless you find further that such over-valuation was made for the purpose of defrauding the defendant, and if you should find that the over-valuation, if in truth and in fact, there was an over-valuation, is innocent you will return a verdict for the plaintiff."

The concluding portion of this instruction is palpably erroneous and constitutes reversible error in which the jury is directed that irrespective of every other defense in this case, and even though there was an over-valuation in the proof of loss, that if the over-valuation was innocently made, the jury must return a verdict for the plaintiff.

*Teat & Potter,* for appellee.

The first point made by the defendant is that the court should have sustained the motion for a continuance because of the absence of Mayers and Habour. The court will notice that in respect to the testimony of the witness Mayers, the plaintiff agreed that every fact set forth in the application and affidavit that the defendant expected to prove by Mayers was admitted to be true by the plaintiff, except that the plaintiff did not admit that Mr. Mayers was informed that the claim was excessive, but did admit that if Mayers was present he would testify that shortly after signing the proof of loss he was informed by persons that he believed to be credible that the claim was excessive, so excessive as to justify a rescission of the adjustment.

In regard to the proposed testimony of Habour as shown above, the defendant placed three witnesses upon the stand by whom they attempted to prove that the value of the property in the house at the time of the fire did not exceed one hundred and fifty dollars or two hundred dollars. As this was the only fact they wished to prove by Harbour, his testimony would have only been cumulative and therefore no reversible error was committed by denying a continuance of the case because of his absence.

It is a universal rule, too well settled to need citations, that all applications for continuance are addressed to the sound discretion of the trial judge and that no case will be reversed unless there is a palpable error committed or an abuse by the trial judge of his discretion.

We therefore submit that the trial judge did not err, and did not abuse the discretion committed to him in overruling the motion for a continuance, and in forcing the defendant to trial.

It is contended by the defendant that there is no liability under the policy because Dixon was not the owner of the house in which the property was located at the time of the fire.

Defendant bases this contention upon the following stipulations in the policy: "None. On the one-story composition roof, frame dwelling and additions actually attached thereto, including foundations, heating, lighting and all other permanent fixtures, only while occupied as a dwelling by owner, situated No. North side of Main Street in Catchings, Sharkey County, Miss., Lot No. ——, Block No. ———.

"Seven hundred dollars. On household furniture, useful and ornamental, beds, bedding, linen, wearing apparel of family, printed books, pictures, paintings, engravings and their frames (value on said pictures, paintings, engravings and their frames, in case of loss not to exceed cost), musical instruments, scientific instruments, plate and plated ware, china, glass and crockery ware, watches and jewelry in use, sewing machine, trunks, valises, bicycles, firearms, sporting goods, fuel and family stores, only while contained in the above described building."

It is the contention of the defendant that as they attempted to prove that Mr. Dixon was not the owner of the house in which the goods were at all times located, the insurance on the furniture never attached.

In our discussion of this phase of the case, we start with the rule laid down in the case of *Columbian Woodmen* v. *Ramsey,* 79 So. 351-354, and numerous other cases that a policy of insurance is to be construed most strongly against the insurer, and the further rule where the intention of the parties is clear, that intention will govern.

133 Miss.—37

From a reading of the motion for a continuance and the evidence thereon it will be noticed that an adjustment was reached between the plaintiff and defendant, and that thereafter the defendant denied the liability and refused payment solely on account of the alleged fraud in the procurement of the adjustment.

It will thus be seen that when the proof of loss was presented, liability was denied solely upon the ground of fraud in the procurement of adjustment, and it is a fundamental rule of law that where the defendant denies liability and assigns one specific ground, all other grounds of forfeiture or breaches of the policy are waived.

Appellant contends under point four in its brief that the plaintiff entered suit without any arbitration first having been had and that this prevents plaintiff from maintaining his suit. From a reading of the record, pleas and the evidence, it will be noticed that this question is first raised here, no mention of it having been made in the court below.

*Corpus Juris* lays down the following rule: "A party who is entitled under the policy to an arbitration or appraisal may waive his right thereto by a failure to make any demand therefor or to take the necessary steps toward securing it. And where an arbitration is demanded by neither party, it is deemed waived by both."

It is next claimed by the defendant that the court erred in granting the second instruction to the plaintiff found on page 182 of the record. This instruction is copied almost literally from the opinion of the court in the case of *Banks* v. *Banks,* 118 Miss. 783, 79 So. 841, a civil case, and the doctrine announced in the Banks case was approved by the court in the recent case of *Aetna Insurance Company* v. *Robertson,* 94 So. 7, also a civil suit. The last contention made by counsel is that it was error for the court to grant the fourth instruction to the plaintiff.

The only meaning that can correctly be given to this

instruction is that if the jury should believe from the evidence that in placing his values upon the property destroyed, Mr. Dixon had over-estimated the same, this would not defeat a recovery on his part unless the jury should find that such over-valuation was made for the purpose of defrauding the defendant, and if while acting in good faith he innocently placed a higher value upon the property than that which the jury should fix, this would not constitute false swearing or fraud within the meaning of the policy. ·

Anderson, J., delivered the opinion of the court.

Appellee, R. M. Dixon, sued the appellant, the Mississippi Fire Insurance Company, a corporation under the laws of this state, in the circuit court of Hinds county for seven hundred dollars for which he claimed appellant was liable to him for the loss by fire of certain household furniture under a fire insurance policy issued to him by the appellant. There was a verdict and judgment for appellee for the amount sued for with interest and costs, from which appellant prosecutes this appeal.

Appellant urges several grounds for the reversal of the case. It contends that the policy of insurance in question never became a binding contract between the parties; that it was void because of the fact (which was shown on the trial) that appellee was not the owner of the building in which the household furniture insured and lost was located; that the policy so stipulated in one of its provisions, and the statement being material and false, the policy was void. The amount of the insurance effected by the policy and the description and location of the property insured are contained in two paragraphs of the policy which follow:

"None on the one-story composition roof frame dwelling and additions actually attached thereto, including foundations, heating, lighting, and all other permanent fix-

tures, only while occupied as a dwelling by owner situated north side of Main street in Catchings, Sharkey county, Mississippi.

"Seven hundred dollars on household furniture, useful and ornamental, beds, beddings, linen, wearing apparel of family, printed books, pictures, paintings, engravings, and their. frames (value on said pictures, paintings, engravings and their frames in case of loss not to exceed cost), musical instruments, scientific instruments, plate and plated ware, china, glass and crockery ware, watches and jewelry in use, sewing machine, trunks, valises, bicycles, firearms, sporting goods, fuel and family stores, only while contained in the above-described building."

The policy involved is the standard form of policy in use. In considering this question the well-established principle of law should be borne in mind that, where there is any ambiguity in a policy of insurance, doubts of construction arising therefrom will be resolved in favor of the insured. The two paragraphs of the policy copied above are set out in substantially the same form as they appear in the policy. This is done because the form has some significance as to their meaning.

It will be observed that the first paragraph simply describes the residence of the insured and its location. The second paragraph describes the household furniture which is, insured, first setting out the amount of insurance undertaken, and concludes with this language following the description of the household goods: "Only while contained in the above described building." In the first paragraph, in describing the building this language is used: "Only while occupied as a dwelling by owner." Appellant argues that, although the household furniture, and not the residence, was insured, nevertheless the insurance on the household furniture was conditioned upon its being located in the residence of the insured, and also upon his ownership of such residence. We do not think that to be a fair interpretation of the language of the policy. The

first paragraph simply undertook to describe the residence for the purpose in the second paragraph of describing the location of the goods insured. The concluding phrase of the last paragraph plainly shows this by the language that the insurance was to continue "only while contained in the above-described building." If the ownership of the building had been considered material there should have been added a provision that the insurance should be good only as long as said building was owned by the insured. This was not done. And in this connection the forfeiture clause should be considered. That clause contains no provision for a forfeiture on account of a false statement as to the ownership of the building in which the property insured is located. It is in this language:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Certainly the courts will not write a forfeiture into an insurance policy where the parties thereto have failed to do so. We are therefore of opinion that there is no merit in that contention.

The policy involved in this cause has the usual arbitration stipulation, which is in this language:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their difference to the umpire; and the award in writing of any two shall determine the

amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expenses of the appraisal and umpire."

Appellant contends that a compliance with said stipulation by appellee was a condition precedent to his right to sue; that without such compliance he had no standing in court. It will be observed that said stipulation only provides for arbitration "in the event of disagreement as to the amount of loss." The evidence in this case shows that before suit was brought there was an unqualified denial by appellant of any liability to appellee. Where the insured denies liability there can be no disagreement as to the amount of loss. Under such circumstances there is nothing to arbitrate. An arbitration of the amount of the loss would be an acknowledgment of liability on the part of the insurer. This provision of the policy does not come into operation unless there is a disagreement between the parties as to the amount of the loss. It is simply a provision for a method of settlement out of court. 26 Corpus Juris, section 574, p. 431. And, furthermore, an arbitration stipulation of this character may be waived by failure of either party to demand its execution. In order to be entitled to the benefit of said stipulation it was the duty of appellant to put appellee in default by proposing to carry out said provision. 26 Corpus Juris, section 572, p. 430.

Another defense made by appellant was that the policy was void because appellee's proof of loss showed a loss of more than the face of the policy, when in truth and in fact his loss was not more than two hundred dollars. The appellant contends that under the last clause of the forfeiture stipulation of the policy, the proof of loss being false and fraudulent, the policy was avoided. The last clause of the forfeiture stipulation is in this language:

"Or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or

the subject thereof whether before *or after loss.*" (Italics ours.)

That question was submitted to the jury on instructions.

Appellant contends that the following instruction given for appellee contained an erroneous statement of law, and, furthermore, was not applicable to the facts of the case:

"The court instructs the jury for the plaintiff that where fraud is relied upon as a defense, the burden of proving such fraud is upon the defendant and the proof must be clear and convincing. While such charges and defenses may be proved by circumstantial evidence the circumstances must be proven with reasonable certainty and the circumstances so proven must be such that the conclusion sought to be established follows logically from the facts. If there are two or more reasonable theories which may be drawn from the facts proven the proof will be insufficient because to invest mere circumstances with the force of truth the conclusion must not only be logical and tend to prove the facts charged but must be inconsistent with a reasonable theory of innocence."

This instruction, as held in *Banks* v. *Banks,* 118 Miss. 783, 79 So. 841, correctly states the law. And the holding of the court in the Banks Case was reaffirmed in *Insurance Co.* v. *Robertson,* 131 Miss. 343, 94 So. 7, 95 So. 137. If the instruction had no application to the facts of the case, which is not decided, it was nevertheless harmless in view of the fact that the jury were instructed in nine instructions for appellee and seven for appellant as to every phase of the questions submitted to them. It is inconceivable, therefore, that, if this instruction merely stated an abstract principle of law, it could have influenced the jury one way or the other.

Appellant complains further at the giving of the following instruction for appellee:

"The court instructs the jury for the plaintiff that even though you believe that an overvaluation was made by the

plaintiff in his proof of loss this will not defeat his recovery unless you find further that such overvaluation was made for the purpose of defrauding the defendant and if you should find that the overvaluation if in truth and in fact there was an overvaluation, is innocent, you will return a verdict for the plaintiff."

The question presented is whether, in order to avoid a policy of this character on account of an overvaluation by the insured, such overvaluation must be fraudulent or not. The court told the jury that an overvaluation made in good faith would not avoid the policy. The instruction was clearly right. The stipulation of the policy providing against fraudulent proof of loss means simply what it says, that it must be fraudulent, and it is not fraudulent if it is made in good faith.

Appellant argues that it is entitled to a new trial because the court below should have granted its application for a continuance on account of the absence of the witnesses Mayers and Harbour. The witness Mayers was appellant's adjuster, who undertook to adjust the loss suffered by appellee. In the application for a continuance on account of his absence, what appellant expected to prove by him was set out. By agreement of the parties it was admitted by appellee that said Mayers would testify to the facts set forth in said application, and on the trial his evidence as therein embodied was read to the jury. The facts which appellant desired to prove by the witness Harbour were proved by three other witnesses introduced by appellant. It is true the witness Harbour would have varied somewhat in the time and circumstances from the other witnesses; still in all substantial respects his testimony would have been the same. In other words, his testimony would have been cumulative. We cannot say under the circumstances that appellant was prejudiced by the failure of the trial court to grant a continuance on account of the absence of these witnesses.

*Affirmed.*