# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-IA-00339-SCT

*ESTATE OF MICHAEL N. BAKARICH, AND CO-EXECUTRICES, VICTORIA LYNN RAY, STEPHANIE BAKARICH JESELNIK AND ALEXANDRA ELIZABETH OWENS*

*v.*

*JOHN FREDERICK BAKARICH*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2020 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| TRIAL COURT ATTORNEYS: | REBECCA SUZANNE BLUNDEN |
| | ANTHONY F. JESELNIK |
| | ROBERT COFFMAN RICHARDSON |
| | CHARLES G. COPELAND |
| | JAMES MORTIMER CREWS, III |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | REBECCA SUZANNE BLUNDEN |
| | CHARLES G. COPELAND |
| | ANTHONY F. JESELNIK |
| | ROBERT COFFMAN RICHARDSON |
| ATTORNEY FOR APPELLEE: | JAMES MORTIMER CREWS, III |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 05/12/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal concerns two provisions in a will related to an estate's attorney's fees. In the first, the testator directed that his Co-Executrices not be personally liable for any expenses incurred in administering the estate, including attorney's fees. In the

second, the testator directed that the cost of any judicial challenge to the Co-Executrices' actions or decisions would be borne by the beneficiary lodging the challenge, regardless of the outcome.

¶2.     One of the ten beneficiaries *did* lodge a judicial challenge to the Co-Executrices' actions.  But the chancellor did not order that beneficiary to bear the estate's attorney's fees. Instead, the chancellor ordered the Co-Executrices to *personally* pay the attorney's fees incurred by the estate.  Because the chancellor's decision on attorney's fees appears to contradict both provisions in the will, we granted the Co-Executrices' petition for interlocutory appeal.

¶3.     After review, we find the second provision shifting the attorney's fees from the estate to the beneficiary is unenforceable.  While a testator has authority to control his own assets, he does not have authority to compel a beneficiary to pay attorney's fees.  ***Parker v. Benoist***, 160 So. 3d 198, 212 (Miss. 2015).  Thus, we affirm the chancellor's order to the extent it denied the Co-Executrices' request that the beneficiary who judicially challenged their actions have to pay the estate's attorney's fees.

¶4.     That said, we find the first provision relieving the Co-Executrices of personal responsibility for attorney's fees is enforceable and consistent with Mississippi public policy. ***McLemore v. McLemore (In re Est. of McLemore)***, 63 So. 3d 468, 485 (Miss. 2011) (citing Miss. Code Ann. § 91-7-281 (Rev. 2004)).  And because nothing in the record supports the chancellor's decision to go against the will of testator and public policy by ordering the Co-

2

Executrices personally liable for the estate's attorney's fees, we reverse and remand this part of the chancellor's order.

## FACTS AND PROCEDURAL HISTORY

¶5. Michael N. Bakarich died in July 2018. His Last Will and Testament named three of his daughters as Co-Executrices of his estate. Specifically, Michael's will directed:

> My [C]o-Executrices may employ and pay, in their discretion and as they deem appropriate, attorneys and accountants to assist in the administration of my Estate . . . . None of my daughters shall receive any fee or other compensation for serving as an Executrix of my Estate. However, I direct that each of them shall be entitled to reimbursement of travel costs and other reasonable and properly documented expenses incurred in connection with the administration of my Estate . . . .

¶6. In addition to his three daughters, Michael had seven other children named as beneficiaries, totaling ten in all. The Co-Executrices filed a Petition to Authorize Interim Distribution among the beneficiaries. Six of the seven beneficiaries filed formal joinders to the motion. Just one beneficiary, John, did not.

¶7. In December 2018, Michael's heirs received distribution checks from the estate. Displeased with the amounts distributed, John filed a motion for emergency relief in the Warren County Chancery Court. In his motion, John objected to the interim distribution and other decisions of the Co-Executrices—particularly, the manner in which his father's doll collection was sold and the donation of a vintage car to St. Jude Children's Research Hospital. In short, by taking these actions, he alleged his sisters had violated their fiduciary duties. Among other relief, he asked that the court remove the Co-Executrices and order the remaining siblings to return their interim distributions.

3

¶8.     Notably, the Co-Executrices asked that John pay the estate's costs of defending against this litigation. They pointed to the following portion of Michael's Last Will and Testament:

> Except for and excluding legal action in response to criminal conduct or a breach of fiduciary duty, the legal fees and costs of any judicial challenge to the actions or decisions of my [C]o-Executrices, regardless of the merit or outcome of such challenge, shall be borne by the person or persons waging such challenge and shall not be charged to my Estate. In support of this provision, an appropriate bond as determined by the Court shall be posted as a condition of any legal action or challenge brought against the [C]o-Executrices or against the Estate.

¶9.     On March 6, 2020, the Warren County Chancery Court entered a judgment. The chancellor found the distribution was proper. So she did not order the siblings to return their distribution checks to the estate. The chancellor also held that the Co-Executrices did not violate their fiduciary duties and would remain the executors of the Estate. But contrary to the will's terms, the chancellor ordered that the Co-Executrices—rather than John—pay the resulting legal fees "individually and not as an expense of the estate." The Co-Executrices sought, and this Court granted, an interlocutory appeal challenging the legal fees ruling.

## DISCUSSION

¶10.    The only issue before this Court is who should pay the attorney's fees the Co-Executrices incurred in defending against John's motion. We review a chancellor's decision to award attorney's fees for abuse of discretion. *Parker v. Benoist*, 160 So. 3d 198, 211 (Miss. 2015).

4

## I. Denial of Request that John Pay the Estate's Attorney's Fees

¶11.    The Co-Executrices argue that because Michael's Last Will and Testament clearly mandates that a challenger to the actions and decisions of the Co-Executrices pay the attorney's fees, John is responsible for the fees.  And John insists this portion of Michael's will is an *in terrorem* clause, rendering it invalid.  But neither party is correct—the clause is not a forfeiture clause, but it is unenforceable regardless.

¶12.    The Constitution "jealously safeguard[s] . . . the absolute freedom of a testator to dispose of his own property as he chooses." ***Olin v. Richards (In re Est. of Blackburn)***, 299 So. 3d 781, 787 (Miss. 2020) (quoting ***Sullivant v. Vick*** (***In re Est. of Vick***), 557 So. 2d 760, 765 (Miss. 1989)).  And one of "the most solemn obligation[s] [of] any court [is] to see that the true intent of the testator is carried out." ***Id.*** (first and third alterations in original) (quoting ***In re Est. of Vick***, 557 So. 2d at 765).  But this principle is not absolute—the testator's intent only controls so long as it is not "contrary to law or public policy." ***Cross v. O'Cavanagh***, 21 So. 2d 473, 474 (Miss. 1945).

¶13.    John argues that by imposing attorney's fees upon challengers of the Co-Executrices' decisions, the clause at hand operates as an *in terrorem*, or forfeiture, clause.  An *in terrorem* clause is defined as a provision that "acts to frighten a beneficiary that any benefit they might receive will be forfeited if they contest or otherwise dispute the *validity of the will*." ***Roosa v. Roosa (Est. of Roosa)***, 328 So. 3d 117, 120 (Miss. Ct. App. 2019) (emphasis added) (citing ***Taylor v. Rapp***, 124 S.E.2d 271, 272 (Ga. 1962)).

¶14. But this is not a forfeiture clause. Neither John's challenge nor the subject clause were aimed at the will's validity. Rather, John took issue with the Co-Executrices' distribution of estate funds and personal property. And the clause simply mandates any challenger of the Co-Executrices' *actions and decisions* pay the associated legal fees and costs. So the clause at issue acts as a fee-shifting provision. Fee-shifting is simply the "transfer of responsibility for paying fees, esp[ecially] attorney's fees, from the prevailing party to the losing party." *Fee-shifting*, Black's Law Dictionary (11th ed. 2019).

¶15. But this does not mean the Co-Executrices' assertion that John should pay the estate's attorney's fees is correct.

¶16. This Court has been clear that, "when there is no contractual provision or statutory authority providing for attorney's fees, they may not be awarded as damages unless punitive damages are proper as well." *Willard v. Paracelsus Health Care Corp.*, 681 So. 2d 539, 544 (Miss. 1996) (citing *Stokes v. Bd. of Dirs. of La Cav Improvement Co.*, 654 So. 2d 524, 529 (Miss. 1995)). The fee-shifting provision the Co-Executrices seek to enforce was not part of a contract between John and his sisters. It is part of Michael's will, of which John and his sisters are the beneficiaries. While Michael, as testator, had statutory authority to control "those things 'which he . . . hath, or at the time of his . . . death shall have[,]'" he had no authority "to control assets that do not belong to him or her through a will." *Parker*, 160 So. 3d at 212 (quoting Miss. Code Ann. § 91-5-1 (Rev. 2013)).

¶17. In addressing a similar fee-shifting provision in *Parker*, we explained that "[t]he Legislature has not seen fit to grant testators the authority to invoke the power of the courts

to compel unsuccessful contestants to pay attorney fees incurred in defending a will contest." *Id.* The same reality applies to unsuccessful challengers to executor actions. While this provision in Michael's will—shifting the responsibility of attorney's fees from his estate to a would-be challenger of his Co-Executrices' actions—may have been prescient and well-intended to protect estate assets, Michael lacked authority to dictate that a challenger to his will pay the attorney's fees associated with that challenge. *Id.* Thus, the clause is unenforceable.

¶18. For this reason, we must find that the chancellor did not abuse her discretion by denying the Co-Executrices' request that, based on the fee-shifting provision in Michael's will, John pay the estate's attorney's fees incurred in defending John's challenge to the Co-Executrices' actions. We affirm this part of the chancellor's order.

## II. Order that Executrices Personally Pay for Attorney's Fees

¶19. That said, we reverse and remand the chancellor's order to the extent it required the Co-Executrices to *personally* pay the costs and attorney's fees of the estate.

¶20. The chancellor ordered the three Co-Executrices "to individually pay the costs and attorney's fees *incurred by the estate* for representation by its attorneys associated with these Motions/Petitions." (Emphasis added.) But this directive goes against Mississippi statutory law, which "allow[s] for the payment of attorney fees of executors from estate funds." *In re Est. of McLemore*, 63 So. 3d at 485 (citing Miss. Code Ann. § 91-7-281). Specifically, Section 91-7-281 entitled executors to "credit for such reasonable sums as he may have paid for the services of an attorney in the management or in behalf of the estate, if the court be of

7

the opinion that the services were proper and rendered in good faith." Miss. Code Ann. § 91-7-281 (Rev. 2021). And, in this case, there has been no finding that the attorney's fees incurred by the estate in connection with the motions and petitions were improper or the result of bad faith.[1]

¶21. More important, the directive that the Co-Executrices personally pay the estate's attorney's fees goes against the express intent of the testator, Michael. *See Tinnin v. First United Bank of Miss.*, 502 So. 2d 659, 663 (Miss. 1987) (emphasizing that courts "seek and where possible give effect to the testator's intent"). The will authorized the Co-Executrices to employ attorneys to assist in the administration of the estate. And while the will provided no compensation to the three daughters for serving as Co-Executrices,[2] the will does entitle them to the reimbursement of expenses incurred in connection with the administration of the estate.

¶22. This Court has long recognized a testator's ability both to "expressly provide in his will that his executor should have the power to employ counsel to assist him in the administration of the trust estate" and to direct "that a reasonable fee for such services should be a charge against the trust estate, and *not a personal liability of the executor*." *Gwin v. Fountain*, 159 Miss. 619, 126 So. 18, 22 (1930) (emphasis added). Thus, while Michael

---

[1] Moreover, Michael's will directed that "no fiduciary shall have any liability for any mistake or error of judgment made in good faith."

[2] *But see* Miss. Code Ann. § 91-7-299 (Rev. 2021) ("The court shall allow to an executor or administrator, as compensation for his trouble, either in partial or final settlements, such sum as the court deems proper considering the value and worth of the estate and considering the extent or degree of difficulty of the duties discharged by the executor or administrator . . . .").

could not direct *John* to pay the estate's attorney's fees, *Parker*, 160 So. 3d at 212, Michael could direct that his Co-Executrices not be personally liable for attorney's fees of the estate. *See **In re Est. of McLemore***, 63 So. 3d at 485.

¶23. On appeal, John argues this part of his father's will did not have to be followed because his sisters misadministered the estate. As John sees it, the chancellor was actually sanctioning the Co-Executrices by ordering that they personally pay the estate's attorney's fees. But in her order, the chancellor expressly rejected John's contention that his sisters had breached their fiduciary duties. While the order advised that it would be prudent to obtain court approval before distributing estate assets, the order did not, as John suggests, make any finding that the Co-Executrices dissipated or wrongly distributed any estate assets. In other words, we find nothing in the record to support John's sanction theory.

¶24. In *Parker*, though in the context of a will contest, we noted that "[t]o hold that [hiring and paying an attorney to defend a will contest] was inappropriate would discourage executors who also are beneficiaries from defending wills because they would have to pay lawyers out of their own pockets." *Parker*, 160 So. 3d at 210. The same principle applies to executrices having to defend their actions in court against complaints by a beneficiary. Requiring them to pay the estate's attorney's fees, even when, as in this case, there has been no finding of malfeasance or breach of fiduciary duty, would discourage them from defending against any complaint, regardless of how unfounded, or from continuing to serve as executrices.

9

¶25. Because the record, the will, and Mississippi statutes do not support ordering the Co-Executrices to personally pay the estate's attorney's fees, we find the chancellor abused her discretion. We reverse the portion of the chancellor's order directing the Co-Executrices to personally pay the costs and attorney's fees of the estate incurred in connection with the underlying motions and petitions. And we remand the issue of the estate's attorney's fees and costs to the Warren County Chancery Court for a determination consistent with this opinion.

¶26. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., COLEMAN, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KING, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J. BEAM, J., NOT PARTICIPATING.**

**KING, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶27. Because I would find that the provision in Michael N. Bakarich's will that directed attorneys' fees to be paid by anyone waging a challenge to the actions or decisions of the co-executrices is a forfeiture clause, I respectfully dissent from the majority's holding that the clause is simply a fee-shifting provision.

¶28. Michael's will contained a provision that stated

> Except for and excluding legal action in response to criminal conduct or a breach of fiduciary duty, the legal fees and costs of any judicial challenge to the actions or decisions of my co-Executrices, regardless of the merit or outcome of such challenge, shall be borne by the person or persons waging such challenge and shall not be charged to my Estate or to any of the co-Executrices. In support of this provision, an appropriate bond as determined by the Court shall be posted as a condition of any legal action or challenge brought against the co-Executrices or against the Estate.

The majority finds that this clause is not a forfeiture clause but acts as a fee-shifting provision.

¶29. Yet a forfeiture clause is defined as "[a] contractual provision stating that, under certain circumstances, one party must forfeit something to the other." *Forfeiture clause*, Black's Law Dictionary (11th ed. 2019). The majority cites a Mississippi Court of Appeals case, ***Roosa v. Roosa (Est. of Roosa)***, 328 So. 3d 117 (Miss. Ct. App. 2019), for the definition of an *in terrorem* clause and concludes that the provision at issue is not a forfeiture clause because John's challenge is not aimed at the will's validity. But the majority's analysis is misleading. The majority's analysis suggests that forfeiture provisions and *in terrorem* provisions are one in the same. However, an *in terrorem* clause is a specific type of forfeiture provision that concerns the validity of the will itself. *See, e.g.*, Gerry W. Beyer, Rob G. Dickinson, Kenneth L. Wake, *The Fine Art of Intimidating Disgruntled Beneficiaries with In Terrorem Clauses*, 51 SMU L. Rev. 225, 227 (1998) (in terrorem clause "a provision that voids gifts to beneficiaries who fail in their attempt to invalidate the instrument . . . . "); ***Miss. Fire Ins. Co. v. Dixon***, 133 Miss. 570, 98 So. 101, 103 (1923) (discussing forfeiture clause in insurance contract); ***Helveston v. Lum Props. Ltd.***, 2 So. 3d 783, 786 (Miss. Ct. App. 2009) (discussing forfeiture clause in lease contract). As stated above, a forfeiture provision is any contractual provision that requires one party to forfeit something to the other. While the provision at issue may not be a special type of forfeiture clause, i.e. an *in terrorem* clause, the fact still remains that it is indeed a forfeiture clause.

¶30. The provision requires any person challenging the potential breach of a fiduciary duty by an executrix to risk paying all attorneys' fees associated with the action regardless of whether the action was brought in good faith and with probable cause. If held to be valid, this would greatly discourage any beneficiary from challenging any decision of an executrix in relation to the will. In addition, the provision imposes attorneys' fees on any challenger "regardless of the merit or outcome of such challenge." As the majority states, a fee-shifting provision is simply the "transfer of responsibility for paying fees, esp[ecially] attorney's fees, from the prevailing party to the losing party." *Fee-shifting*, Black's Law Dictionary (11th ed. 2019). The clause at issue does not simply shift attorneys' fees to the losing party; it requires any challenger of the decisions of the co-executrices to pay all legal fees and costs of the action, regardless of merit or outcome of the challenge. Thus, I would find that the provision is a forfeiture clause and not simply a fee-shifting provision.

¶31. Even so, I agree with the majority's analysis that Michael lacked authority to dictate that a challenger to the decisions of the co-executrices pay all legal fees and costs associated with the action. Accordingly, I would find that the provision at issue is a forfeiture provision and that Michael had no power to dictate the payment of attorneys' fees. Therefore, I would affirm the decision of the trial court on this issue.

¶32. Additionally, I agree with the majority's decision to reverse and remand the chancellor's decision to hold the co-executrices personally liable for the estate's attorneys' fees.

**KITCHENS, P.J., JOINS THIS OPINION.**

12